UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gerald L. Trooien,                          No. 06CV3197 (JRT/FLN)

           Plaintiff,

vs.

Peter Mansour; and Barry Roitblat,

           Defendants.

_____

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS (FRCP 12(B)(6) & 9(B))**
_____

I. **Introduction**

This is an action for alleged fraud and violations of securities laws brought by an investor against two former employees of a now defunct Washington company engaged in the business of designing software. While Defendant Roitblat submits that the allegations are entirely without merit, the allegations appear to be directed at Defendant Mansour, and provide no basis or information for Defendant Roitblat to understand the nature of the claims of fraud raised against him. The conclusory allegations which do include Defendant Roitblat group him with codefendant Mansour, and do not meet the requirements of Federal Rule of Civil Procedure 9(b) to plead fraud with particularity.

1

## II.    Plaintiff has failed to plead fraud with the particularity required by FRCP 9(b)

A plaintiff who brings a cause of action sounding in fraud is required under Federal Rules of Civil Procedure ¶ 9(b) to state the "circumstances constituting fraud . . . with particularity." As the court in *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) explained:

> "…Rule 9(b)'"[c]ircumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby… [C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule.' *Commercial Property Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) (quotations and citations omitted); *see also, DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) ('[T]he circumstances [constituting fraud] must be pleaded in detail. This means the who, what, when, where and how: the first paragraph of any newspaper story…')

*Parnes v. Gateway 2000, Inc.*, *supra*, at pp. 549-550. Thus, Plaintiff must (1) identify the statements of defendant Roitblat which he contends are fraudulent (*DeWit v. Firststar Corp.*, 879 F.Supp. 947, 989 (N.D. Iowa 1995)); (2) identify the speaker (*id.*); (3) state where and when the statements were made (*id.*); and (4) explain why the statements were fraudulent. *Id.* In addition, Plaintiff cannot simply allege that statements were false and misleading and not reasonably based, but must allege sufficient facts to show the statements lacked a reasonable basis. *In Re Nationsmart Corp Securities Litigation*, 130 F.3d 309, 320 (8th Cir. 1997), *cert. den.* 524 U.S. 927, 118 S.Ct. 2321.

This requirement of pleading fraud with particularity applies to all fraud claims, including claims brought under state law. *In Re Digi Int'l Inc. Secs. Litigation*, 6 F.Supp.2d 1089, 1095 (D.C. Minn. 1995). Plaintiff's complaint does not plead the fraud and violations of state securities laws against Defendant Roitblat with the required specificity. His conclusory allegation in paragraph 6 that Defendant Roitblat "made various misrepresentations to Trooien and failed to state material facts to Trooien" fails to plead the necessary specifics about the fraud. It does not identify the statements of Defendant Roitblat that he contends were fraudulent, does not identify the speaker, does not state where and when the statements were made, and does not explain why the statements were fraudulent.

Similarly, the other charging allegation in paragraph 6 — that "defendants forecasted extremely high revenues for Sproqit knowing these facts to be worthless and false" fails to meet the Rule 9(b) requirements for two reasons. First, it does not provide the necessary details about the alleged fraud — who prepared the forecast, who provided or communicated the forecast, to whom it was communicated, and when and where it was provided or communicated. The allegation also runs afoul of the Rule 9(b) requirements by grouping the allegations against both defendants. *Parnes*, *supra*, at p. 550. In *Parnes*, the court held that allegations that the "controlling shareholders" engaged in fraud did not meet the particularity requirements, since "the Defendants are left to guess which

controlling shareholders were responsible for the alleged fraud." *Id.*, at p. 550; *see also*, *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982) (Allegations that "various other defendants" were responsible for false statements were not sufficiently particular); Vol. 2 *Moore's Federal Practice*, Sect. 9.03 [1][f] (Matthew Bender 3d Ed.) ("If a claim involves multiple defending parties, a claimant usually may not group all claimed wrongdoers together in a single set of allegations. Rather, the claimant must make specific and separate allegations against each defendant."). Alleging that "Defendants" forecasted high revenues runs afoul of this prohibition.

For the same reasons, Plaintiff Trooien's allegations in paragraph 9 are deficient. He directs the allegations against "defendants" and fails to provide any of the necessary details about any alleged fraud, including what Plaintiff claims Defendant Roitblat said, who he said it to, and when and where he said it. There is also no allegation that the allegation that "Sproqit was having ongoing discussions and negotiations with various other companies, including Microsoft and Google, in order for Sproqit to be acquired" was false, and certainly does not explain why the statements were fraudulent.

The only other allegations against Defendant Roitblat are that he "knew of Mansour's conduct and misrepresentations, but failed to advise Trooien" (paragraph 12), and that he "was aware of such information [concerning expected

sales of Sproqit's handheld devices by Archos] and failed to advise Trooien…" (paragraph 15). Because Plaintiff has not properly alleged any affirmative representations of Defendant Roitblat, which would give rise to a duty of disclosure, Plaintiff has not properly alleged claims for relief against Defendant Roitblat, and Defendant Roitblat respectfully submits that his motion to dismiss Plaintiff's two claims for relief and the complaint in its entirety should be granted.

August 28, 2006.

FAEGRE & BENSON LLP

/s/ Brian Melendez
Brian Melendez, No. 223633
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600

in association with

GORDON EDMUNDS ELDER PLLC
Wesley N. Edmunds, Jr., WSBA No. 7112 (Wash.)
Frederick Geisler, Cal. Bar No. 70929
Suite C-110
1200 112th Avenue NE
Bellevue, WA 98004
Ph. 425.454.3113
Fax 425.646.4326

Attorneys for Defendant
Barry Roitblat

M1:1351564.01