# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

GERALD L. TROOIEN,                                       Civil No. 06-3197(JRT/FLN)

                              Plaintiff,

v.                                                       **MEMORANDUM OPINION AND
                                                         ORDER GRANTING DEFENDANTS'
PETER MANSOUR and                                        MOTIONS TO DISMISS**
BARRY ROITBLAT,

                              Defendants.

---

George G. Eck, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN  54402; Alexander A. Baehr and Thuy Nguyen Leeper, **DORSEY & WHITNEY LLP**, 1420 Fifth Avenue, Suite 3400, Seattle, WA 98101-4010, for plaintiff.

Alan L. Kildow and Sonya R. Braunschweig, **DLA PIPER US LLP**, 90 South Seventh Street, Suite 5100, Minneapolis, MN 55402; Brian D. Buckley and Stellman Keehnel, **DLA PIPER US LLP**, 701 Fifth Avenue, Suite 7000, Seattle, Washington 98104, for defendant Mansour.

Wesley Edmunds, **GORDON EDMUNDS ELDER PLLC**, 1200 112th Avenue NE, Suite C110, Bellevue, WA 98004; Brian Melendez, **FAEGRE & BENSON LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendant Roitblat.

Plaintiff Gerald L. Trooien is a Minnesota resident and shareholder of Sproqit Technologies, Inc. ("Sproqit"), a Washington-based corporation.  Defendants Peter Mansour and Barry Roitblat are former executive officers of Sproqit.  Trooien filed this lawsuit against Mansour and Roitblat alleging violations of Minnesota securities laws as well as common law negligent and fraudulent misrepresentation.  This matter is before

the Court on defendants' motions to dismiss. For the reasons set forth below, the Court grants defendants' motions to dismiss.

## BACKGROUND

Plaintiff Trooien is a private investor who invested over $7 million in Sproqit, a software company with its principal place of business in Washington. Defendant Mansour is the former Chief Executive Officer and President of Sproqit. Defendant Roitblat is Sproqit's former Chief Technology Officer. Trooien alleges that he made substantial investments in Sproqit based on defendants' alleged misrepresentations and failure to disclose material facts about Sproqit's financial health.

First, Trooien alleges that defendants forecasted extremely high revenues in a spreadsheet provided to Trooien. Trooien alleges that Sproqit's 2004 and 2005 revenues "did not even approach" the forecasted revenue figures. (Pl.'s Compl. 8.) According to Trooien, Mansour stated in an October 2005 email to a Sproqit employee that "[w]e haven't brought in a single penny in revenue, yet, right? Basically, I now look like a fool in front of [plaintiff] from whom we now need to be bridged." (Pl.'s Compl. 13.) Trooien further alleges that he made substantial investments in Sproqit based on the allegedly false revenue numbers.

Second, Trooien alleges that defendant Mansour falsely represented that Sproqit was negotiating a deal with companies including Microsoft and Google for Sproqit's acquisition. According to Trooien, Mansour told him about the acquisition discussions and identified Sproqit's need for bridge financing during the negotiations, when in reality

Sproqit simply needed additional capital to avoid financial collapse. Trooien points to a November 2005 email that allegedly shows that Mansour attempted to keep Trooien away from any direct dealings with Microsoft. Trooien also claims that defendant Roitblat knew that the negotiations were merely a ruse for additional financing, but failed to disclose that fact to Trooien.

Third, Trooien alleges that Mansour misrepresented the value of Sproqit's contract with product manufacturer Archos. Mansour allegedly stated that Archos was expecting to sell 500,000 handheld devices and that Sproqit would receive $1.00 per sale under the contract. However, Mansour apparently learned in November 2005 that Archos would not sell the products and that Archos was under no obligation to pay Sproqit for any sales. Trooien further alleges that Roitblat also knew that the contract had no value but failed to inform Trooien of this fact. Additionally, Trooien alleges that Mansour made other unspecified misrepresentations as part of a general pattern of deception, and that he invested in Sproqit based on these misrepresentations.

Trooien claims that defendants' representations violated section 80A.01(b) of the Minnesota Securities Act. Minn. Stat. § 80A.01(b). Additionally, Trooien claims that defendants' representations constitute negligent and fraudulent misrepresentation under Minnesota common law. Defendants have filed separate motions to dismiss pursuant to Federal Rules 9(b) and 12(b)(6), arguing that Trooien has failed to plead his claims with particularity under Rule 9(b).

## ANALYSIS

### I.     STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### II.    MINNESOTA SECURITIES ACT

Section 80A.01 of the Minnesota Securities Act ("MSA") makes it unlawful for any person, in connection with the offer, sale, or purchase of securities, to "make any untrue statement of a material fact or to omit to state material facts necessary in order to make the statements made . . . not misleading." Minn. Stat. § 80A.01(b). Defendants argue that Trooien's MSA claim must be dismissed because it does not allege scienter and is not pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. Trooien responds that section 80A.01(b) is based on a negligence standard and has no scienter requirement. As such, Trooien argues, his MSA claim is not subject to the particularity requirements of Rule 9(b). In the alternative, Trooien requests leave to amend the pleadings to comply with Rule 9(b).

Federal and state courts have held that section 80A.01 is the state law analogue to federal Rule 10b-5 and therefore requires the same substantive elements as Rule 10b-5, including scienter. *See, e.g.*, *Erickson v. Horing*, 2001 WL 1640142, at *7 (D. Minn. 2001) ("[T]he elements of an action under Minn. Stat. § 80A.01 are essentially the same as those of a fraud claim under l0b-5. Both statutes require a misrepresentation with scienter in connection with a transaction in a security on which the plaintiff justifiably relied to his detriment."); *Minneapolis Employees Ret. Fund v. Allison-Williams Co.*, 519 N.W.2d 176, 179-180 (Minn. 1994). As such, the Court finds that Trooien's MSA claim sounds in fraud, and is thus subject to the particularity requirements of Rule 9(b).[1]

Under Federal Rule 9(b), "all averments of fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). The Eighth Circuit has held that circumstances subject to the particularity requirement include "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentations and what was obtained or given up thereby." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* As a general matter, the "who, what, when, where, and how" of any fraud claim must be pleaded in detail. *Id.*

---

[1] Trooien argues that the Minnesota Court of Appeals held in *Sprangers v. Interactive Tech., Inc.*, that the MSA is based on a negligence standard because the language of section 80A.01(b) is "derivative" of section 17(a) of the Securities and Exchange Act. 394 N.W.2d 498, 503 (Minn. Ct. App. 1986). However, the Court's review of subsequent case law reveals that *Sprangers* has not been followed by state or federal courts in Minnesota.

Defendant Roitblat argues that the six allegations against him are legally deficient under Rule 9(b) because they impute fraudulent activity collectively to "defendants," and because they fail to establish that Roitblat had an affirmative duty to disclose. *See Exeter Bancorp., Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1314 (8th Cir. 1995) (holding that omissions or nondisclosures constitute fraud only where defendant has an independent duty to disclose). The Court agrees. Trooien's allegations must specify the identity of each defendant alleged to have engaged in fraudulent activity in order to satisfy the particularity requirement of Rule 9(b). Allegations that impute fraudulent activity collectively to "defendants" are not sufficiently particularized under the Rule. In addition, the Court finds that Trooien must allege facts that establish the existence of an independent duty in order to claim that Roitblat's omissions are fraudulent.

Defendant Mansour argues that Trooien's MSA claim is legally deficient under Rule 9(b) because the Complaint fails to allege that Mansour's representations were false when made. According to Mansour, Trooien has not alleged facts showing that Mansour knew the projected revenue spreadsheet was false, or that Mansour's representations regarding acquisition discussions were false when made. Similarly, Mansour argues that Trooien has not alleged facts showing that representations regarding the Archos contract were false when made. The Court finds that Trooien's MSA claim against Mansour also fails to satisfy the particularity requirements of Rule 9(b). While the Court recognizes the difficulty in pleading fraud with particularity in the absence of pre-trial discovery, conclusory allegations of fraud are insufficient under the Federal Rules. *See Parnes*, 122 F.3d at 550. Trooien's Complaint must set forth particularized allegations that Mansour's

representations were false when made.  *See In re Buffets Inc. Sec. Litig.*, 906 F. Supp. 1293, 1300 (D. Minn. 1995) (finding that Rule 9(b) requires a complaint to "set forth the facts explaining why it is claimed that the representations were known by each of the Defendants to be untrue or misleading when they were made").

Accordingly, the Court dismisses without prejudice Trooien's MSA claim.  Within 30 days of the date of this Order, Trooien may amend the Complaint to comply with the requirements of Rule 9(b), as set forth above.

## III.   FRAUDULENT AND NEGLIGENT MISREPRESENTATION

Trooien alleges that defendants' statements and omissions constitute fraudulent and negligent misrepresentation under Minnesota common law.   Fraudulent misrepresentation claims are subject to the particularity requirements of Rule 9(b).  Fed. R. Civ. P. 9(b) (stating that the particularity requirements apply to all averments of fraud).   The particularity requirements similarly apply to negligent misrepresentation claims.  *In re Digi Intern., Inc. Sec. Litig.*, 6 F. Supp. 2d 1089, 1095 (D. Minn. 1998); *Juster Steel v. Carlson Cos.*, 366 N.W.2d 616, 618 (Minn. Ct. App. 1985) (stating that a negligent misrepresentation claim constitutes fraud and is subject to Minnesota Rule 9.02).

The Court finds that Trooien's common law claims fail to plead fraud with particularity for the same reasons as his MSA claim.  As discussed above, Trooien's allegations must identify with particularity each defendant alleged to have engaged in fraudulent activity to satisfy the requirements of Rule 9(b).  Although Trooien's negligent

misrepresentation claim need not allege scienter, the Complaint must nonetheless set forth particularized facts that explain why the information provided by defendants was false. *See Florzenzano v. Olson*, 387 N.W.2d 168, 174 n.3 (Minn. 1986). As such, the Court grants defendants' motions to dismiss Trooien's fraudulent and negligent misrepresentation claims. Trooien may amend the Complaint to comply with Rule 9(b) within 30 days of the date of this Order.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Defendant Mansour's motion to dismiss [Docket No. 20] is **GRANTED**.

2.     Defendant Roitblat's motion to dismiss [Docket No. 6] is **GRANTED**.

3.     Plaintiff's claims are **DISMISSED without prejudice**.


**IT IS FURTHER HEREBY ORDERED** that plaintiff shall have 30 days from the date of this Order to file an amended complaint.


DATED:    February 7, 2007                    _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                               United States District Judge