UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALD L. TROOIEN, | Civil No. 06-3197 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS** |
| PETER MANSOUR and BARRY ROITBLAT, | |
| Defendants. | |

George G. Eck, **DORSEY & WHITNEY LLP**, 50 South Sixth Street, Suite 1500, Minneapolis, MN 54402, for plaintiff.

Brian D. Buckley, **FENWICK & WEST LLP**, 1191 Second Avenue, 10th Floor, Seattle, WA 98101; Stellman Keehnel, **DLA PIPER US LLP**, 701 Fifth Avenue, Suite 7000, Seattle, Washington 98104; Alan L. Kildow and Sonya R. Braunschweig, **DLA PIPER US LLP**, 80 South Eighth Street, Suite 2800, Minneapolis, MN 55402, for defendant Mansour.

Wesley N. Edmunds, Jr., **GORDON EDMUNDS ELDER PLLC**, 1200 112th Avenue N.E., Suite C110, Bellevue, WA 98004; Brian Melendez, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendant Roitblat.

This case is before the Court after the Eighth Circuit's partial reversal and remand. *Trooien v. Mansour (Trooien IV)*, 608 F.3d 1020 (8th Cir. 2010). Plaintiff Gerald L. Trooien brought this action against defendants Peter Mansour and Barry Roitblat, two former executives of Sproqit Technologies, Inc. ("Sproqit"), alleging violations of the Minnesota Securities Act, negligent and fraudulent misrepresentation, and breach of fiduciary duty, arising from Trooien's investment in Sproqit. The Eighth Circuit affirmed

the dismissal of most of Trooien's claims, but reversed this Court's prior dismissal of Trooien's claims under the Minnesota Securities Act. Defendants renew their motions to dismiss and for summary judgment, seeking dismissal of Trooien's remaining claims. The Court will grant the defendants' motions because it finds that Trooien's Minnesota Securities Act claims are precluded for the same reasons the Eighth Circuit Court of Appeals provided in affirming the Court's dismissal of Trooien's negligent misrepresentation claims.

## BACKGROUND

The facts of this case are summarized in the Eighth Circuit's opinion and this Court's previous opinions, *see, e.g.*, *Trooien IV*, 608 F.3d at 1023-26, and the Court will not repeat them. However, a brief recap of the procedural history of the case is helpful.

On defendants' motions for partial dismissal, the Court dismissed all of the Minnesota Securities Act claims and negligence and fraudulent misrepresentation claims for failure to plead with particularity except to the extent those claims were rooted in (1) Mansour's statement that it "was an absolute fact that Sproqit would be acquired;" (2) Mansour's statement that there were "contracts in place" with Bell Mobility that would generate substantial revenues for Sproqit; and (3) Mansour's predictions of future revenue that are based on either (1) or (2). *Trooien v. Mansour (Trooien II)*, No. 06-3197, 2008 WL 2202720, at *5 (D. Minn. May 23, 2008). The Court subsequently granted defendants' motions for summary judgment on all remaining claims (Minnesota Securities Act, negligent and fraudulent misrepresentation, and breach of fiduciary duty).

*Trooien v. Mansour (Trooien III)*, No. 06-3197, 2009 WL 928325, at *11 (D. Minn. Mar. 31, 2009).

The Eighth Circuit affirmed-in-part and reversed-in-part both *Trooien II* and *Trooien III*. The circuit court concluded that this Court had applied a scienter requirement instead of the proper negligence standard in analyzing Trooien's allegations under the Minnesota Securities Act and so reversed the dismissal and adverse grant of summary judgment as to those claims. *Trooien IV*, 608 F.3d at 1028. The circuit court affirmed the orders in all other respects, including affirming the dismissal of Trooien's negligent misrepresentation claims because they were not pled with sufficient particularity, *id.* at 1029-30 (affirming *Trooien II*), and because Trooien failed to create an issue of material fact to support his assertions, *id.* at 1030-31 (affirming *Trooien III*). *See* also Appendix A (listing allegations supporting Trooien's claims).

Trooien filed for bankruptcy resulting in a stay of these proceedings. (*See* Suggestion of Bankruptcy, Nov. 22, 2010, Docket No. 174.) The bankruptcy case concluded in August of 2011. After remand, Trooien's only remaining claims are alleged violations of the Minnesota Securities Act. Mansour and Roitblat now renew their motions to dismiss and for summary judgment.

## ANALYSIS

Defendants argue that negligent misrepresentation and the Minnesota Securities Act have the same elements. Because the Eighth Circuit affirmed the dismissal of the

negligent misrepresentation claims, defendants contend that the Minnesota Securities Act claims must also be dismissed.

### A. The Minnesota Securities Act and Negligent Misrepresentation

Trooien's claims under the Minnesota Securities Act arise under Minn. Stat. § 80A.01(b).[1] *Trooien IV*, 608 F.3d at 1027. That statute made it

> unlawful for any person in connection with the offer, sale or purchase of any security, directly or indirectly . . . to make any untrue statement of a material fact or to omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading[.]

Minn. Stat. § 80A.01(b) (2006). The Eighth Circuit held that a negligence standard applies. *Trooien IV*, 608 F.3d at 1028.

Trooien's negligent misrepresentation claims required him to show that Roitblat or Mansour "supplied false information for the guidance of others in their business transactions and in doing so failed to exercise reasonable care or competence in obtaining or communicating the information." *Id.* (quoting *Florenzano v. Olson*, 387 N.W.2d 168, 174 n.3 (Minn. 1986) (internal quotation marks omitted).) Minnesota courts have also expressed this standard as "[p]ersons making representations are negligent when they have not discovered or communicated certain information that the ordinary person in his or her position would have discovered or communicated." *Safeco Ins. Co. of Am. v. Dain*

---

[1] In *Trooien II*, this Court cited to Minn. Stat. § 80A.68(2) (2009). 2009 WL 928325, at *6. As the Eighth Circuit noted, Minn. Stat. § 80A.01(2) (2006) should be applied even though it was repealed, effective on August 1, 2007, because it continues to govern all actions based on conduct occurring before that date. *Trooien IV*, 608 F.3d at 1027 n.2.

*Bosworth Inc.*, 531 N.W.2d 867, 870 (Minn. Ct. App. 1995) (citing *Florenzano*, 387 N.W.2d at 174).

Trooien claims that the "elements of the causes of action are different . . . ." (Pl.'s Mem. in Response at 2, Docket No. 201.)  **The dispositive issue, however, is whether any of Trooien's allegations would constitute a claim under the Minnesota Securities Act but not a negligent misrepresentation claim.**  At oral argument,[2] Trooien's counsel offered the omission of material information as one such allegation.  The Court disagrees; negligent misrepresentation claims under Minnesota law encompass the omission of material information.  *M.H. v. Caritas Family Servs.*, 488 N.W.2d 282, 289 (Minn. 1992) ("A misrepresentation may be made . . . by concealing or not disclosing certain facts that render the facts that are disclosed misleading.").[3]  The Court will next address whether Trooien alleged any facts that would allow him to make a claim under the Minnesota Securities Act but not a negligent misrepresentation claim.

      **B.**      **Effect of the Eighth Circuit's Negligent Misrepresentation Holding on Trooien's Minnesota Securities Act Claims**

In *Trooien IV*, the Eighth Circuit affirmed this Court' dismissal of Trooien's negligent misrepresentation claim; the Court must determine whether that holding compels dismissal of Trooien's Minnesota Securities Act claim.  First, both negligent

---

[2] In his briefing, Trooien did not identify which elements or conduct would be covered by the Minnesota Securities Act and not encompassed by a negligent misrepresentation claim.

[3] *See also Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 985 (8th Cir. 2008) ("To succeed in a negligent misrepresentation claim under Minnesota law, a plaintiff must prove that: the defendant . . . failed to communicate information that it knew or should have discovered"); *Vikse v. Flaby*, 316 N.W.2d 276, 283 n.9 (Minn. 1977).

misrepresentation claims and claims under the Minnesota Securities Act must be pled with particularity. *See Trooien II*, 2008 WL 2202720, at *4, 8. Therefore, to the extent that Trooien's Minnesota Securities Act claims are based on allegations that the Eighth Circuit held failed to meet the particularity requirements of Rule 9(b), *Trooien IV*, 608 F.3d at 1029-30, they will be dismissed.

Second, this Court previously held that Trooien's remaining allegations[4] failed to create a genuine issue of material fact supporting his negligent misrepresentation claim, a determination the Eighth Circuit affirmed. Trooien's negligent misrepresentation claim succumbed to summary judgment because his allegations failed to create a genuine issue of material fact that either defendant made a false representation or omitted material information. *See id.* at 1030-32. Trooien's Minnesota Securities Act claim also requires him to show that a defendant made a false representation or omitted material information. *See* Part A, *supra*. Yet Trooien relies on the same factual allegations that the Court found insufficient to create a genuine fact issue on this score with respect to the negligent misrepresentation claim. Because the allegations are insufficient with respect to the negligent misrepresentation claim, the Court finds they are insufficient with respect to the Minnesota Securities Act claim. The Court will, therefore, grant defendants' motions to dismiss and Mansour's motion for summary judgment for the reasons the Eighth Circuit articulated for dismissing the claims for negligent misrepresentation.

---

[4] Specifically: (1) Mansour's statement that it "was an absolute fact that Sproqit would be acquired"; (2) Mansour's statement that there were "contracts in place" with Bell Mobility that would generate substantial revenues for Sproqit; and (3) Mansour's predictions of future revenue that are based on either (1) or (2). *Trooien II)*, 2008 WL 2202720, at *5.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Peter Mansour's Renewed Motion to Dismiss and for Summary Judgment [Docket No. 190] is **GRANTED**.

2. Defendant Barry Roitblat's Motion to Dismiss and for Summary Judgment [Docket No. 194] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 25, 2012　　　　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge